UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERMAINE D. WATKINS,<br><br>                    Plaintiff,<br><br>v.<br><br>CATHERINE M. BAUM, ELIZABETH G. SUITER, MICHAEL R. ELLEN, MIKE WATKINS, STEVE HAMMOND, MUHAMMAD A. KHURSHID, TAMARA J. ROWDEN,<br><br>                    Defendants. | No. C11-5494 RBL/KLS<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF MEDICAL EXPERT |

Before the Court is Plaintiff's Motion for the Appointment of Expert at Public Expense. ECF No. 69. Plaintiff asserts that good cause exists for the appointment of an expert urologist and/or nephrologist to review his medical records because he is unable to afford an expert and his imprisonment limits his ability to seek and consult with necessary experts. ECF No. 69. The motion is denied.

**DISCUSSION**

While Fed. R. Civ. P. 706(a) permits the appointment of an expert to aid the courts, it does not authorize the district court to provide a plaintiff with funds for an expert witness or to appoint such a witness on a plaintiff's behalf. *See Hannah v. United States*, 523 F.3d 597, 600 (5th Cir.2008) (affirming district court's refusal to appoint expert witness for *pro se* prisoner

ORDER - 1

alleging inadequate medical care).  However, "[r]easonably construed, Rule 706 does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." *Gamez v. Gonzalez*, 2010 WL 2228427, *1 (E.D.Cal. June 3, 2010) (internal quotations, punctuation and citations omitted). Rather, the principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate.  As such, district courts have authority to appoint neutral expert witnesses *sua sponte*, whether or not either party agrees, and may assess the cost of the expert as the court deems appropriate.  *Students of California School for the Blind v. Honig*, 736 F.2d 538, 549 (9th Cir.1984) (citing Fed. R. Evid. 706), *vacated on other grounds*, 471 U.S. 148, 105 S.Ct. 1820, 85 L.Ed.2d 114 (1985).

     The *in forma pauperis* statute, 28 U.S.C. § 1915, does not alter these basic principles.  The statute "does not waive payment of fees or expenses for witnesses."  *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir.1993).  More specifically, "[t]he plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant."  *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995); *accord, Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987), *cert. denied*, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988) (district court has no authority under section 1915 to pay or waive expert witness fees in civil damage suits).

     Here, Plaintiff is essentially requesting the appointment of a medical expert to serve as his advocate in this action.  However, there is no authority for granting such a request.  Moreover, Plaintiff fails to show that an expert is needed at trial in order for the jury to understand the relatively straightforward issues presented in this case.

     Accordingly, it is **ORDERED:**

     (1)    Plaintiff's motion for the appointment of a medical expert at public expense (ECF No. 69) is **DENIED.**

ORDER - 2

(2) The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this  29th  day of October, 2012.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3