UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE D. WATKINS,

          Plaintiff,

v.

CATHERINE M. BAUM, ELIZABETH G. SUITER, MICHAEL R. ELLEN, MIKE WATKINS, STEVE HAMMOND, MUHAMMAD A. KHURSHID, TAMARA J. ROWDEN,

          Defendants.

No. C11-5494 RBL/KLS

ORDER DENYING MOTION FOR REFERRAL FROM DISTRICT COURT

      Before the Court is Plaintiff's Motion for Referral from District Court. ECF No. 71. In this motion, Plaintiff asks that the Court order the Court Clerk to provide him with a business and home address of Defendant Khurshid so that the Plaintiff may serve him with the summons and amended complaint. *Id.* The Court denies the request, but will direct the Clerk to attempt service at an alternate address.

**BACKGROUND**

      Plaintiff's Amended Complaint was filed on January 23, 2012. ECF No. 23. In addition to Defendants Baum and Suiter, who were previously named and served, Defendants Ellen, Watkins, Hammond, Khurshid, and Rowden were named as defendants. *Id.* On January 27, 2012, the Court directed service of the Amended Complaint on each of the newly named defendants at the addresses provided to the Court by the Plaintiff. ECF No. 26. All of the newly named defendants, except Defendant Khurshid, signed and returned Waivers of Service. ECF

ORDER - 1

Nos. 28 and 32-34. Service on Defendant Khurshid was returned unexecuted. ECF No. 31. On February 2, 2012, the Sea Mar Community Health Center advised the Court Clerk that Dr. Khurshid no longer works at the Sea Mar practice and has not worked there since 2007. *Id.*

On April 16, 2012, Plaintiff moved for default judgment against Defendant Khurshid. ECF No. 40. The Court denied the motion and directed Plaintiff to provide the Court with an alternative service address for Defendant Khurshid. ECF No. 42. On May 17, 2012, Plaintiff provided an alternative service address for Defendant Khurshid at the Grays Harbor Community Hospital in Aberdeen, Washington. ECF No. 43. The Court directed service of the Summons and Amended Complaint by First Class Mail on Defendant Khurshid, but the service was returned unexecuted, marked "no longer on staff." ECF Nos. 44 and 45. On June 18, 2012, counsel entered an appearance on behalf of defendants, including Defendant Khurshid. ECF No. 47.

On October 3, 2012, Plaintiff moved again for entry of a default judgment against Defendant Khurshid. ECF No. 64. The District Court denied the motion because there was no evidence that Defendant Khurshid had ever been served. ECF No. 66. On October 15, 2012, Defendant Khurshid filed an Answer to the Amended Complaint. ECF No. 67. Defendant Khurshid asserted the affirmative defenses, including invalid service of process and lack of personal jurisdiction. *Id.* at 2.

## DISCUSSION

On October 18, 2012, Plaintiff filed the instant motion asking the Court to order the Clerk to provide Plaintiff with a work or home address for Defendant Khurshid so that Plaintiff can serve him. ECF No. 71. The Court declines to so order. An *in forma pauperis* plaintiff still bears the burden of providing accurate and sufficient information to effect service of the

ORDER - 2

summons and complaint.  When a *pro se* plaintiff fails to provide the court with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate.  *Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995).  Despite a plaintiff's *in forma pauperis* status, he must supply the information necessary to identify the defendants to be served.  See *Walker*, 14 F.3d at 1415.   Thus, if Plaintiff cannot provide an alternative address so that service may be properly effected, his claims against Dr. Khurshid will be dismissed.

      Plaintiff has been diligent in his attempts to serve Dr. Khurshid.  He has provided two service addresses, each for hospitals where Dr. Khurshid apparently no longer provides services or is not on staff.  Given plaintiff's pro se status, the Court finds good cause for the failure to serve within 120 days as required by Rule 4(m).

      In addition, an independent internet search reflects an address for Dr. Khurshid at 1813 Sumner Avenue, Aberdeen, Washington 98520.  It also appears that Dr. Khurshid has admitting privileges at Grays Harbor County Hospital.  Therefore, the Court will direct the Clerk to attempt service of Dr. Khurshid at the Sumner Avenue address.

      Accordingly, it is **ORDERED:**

      (1)      Plaintiff's motion for referral (ECF No. 71) is **DENIED.**

      (2)      Under separate Order, the Court shall direct the Clerk to attempt service of the amended complaint on Dr. Khurshid at 1813 Sumner Avenue, Aberdeen, Washington 98520.

ORDER - 3

1       (3)     The Clerk shall send copies of this Order to Plaintiff and to counsel for
Defendants.

DATED this  29th  day of October, 2012.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

ORDER - 4