UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JERMAINE D. WATKINS,

                Plaintiff,

  v.

CATHERINE M. BAUM, ARNP.,
ELIZABETH G. SUITER, FMD,
MICHAEL R. ELLEN, UROLOGIST/
SURGEON, MIKE WATKINS, HCM,
STEVE HAMMOND, MD,
MUHAMMAD A. KHURSHID, MD,
TAMARA J. ROWDEN GPM,

                Defendants.

No. C11-5494 RJB/KLS

ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION TO COMPEL

     Before the Court is Plaintiff's Motion for Reconsideration of Order Denying Motion to Compel. ECF No. 93. In its Order dated December 26, 2012, the Court denied Plaintiff's motion to compel because Plaintiff did not include a certification that he conferred with counsel for Defendants before he filed his motion. ECF No. 89. In his motion for reconsideration, Plaintiff states and certifies as to his attempts to confer with counsel for Defendants on three occasions. ECF No. 93, p. 1. These communications consisted of letters wherein the parties agreed to extend Defendants' response time. *Id.* Plaintiff states that his third letter was sent to counsel after the agreed upon extension to respond had expired. He states that counsel never responded to this letter. *Id.*

ORDER- 1

A party should, in good faith, confer or attempt to confer with a party failing to make disclosures in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). CR 37(a)(1)(A) states:

> A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may take action as stated in GR 3 of these rules.

The parties' letter exchanges do not constitute a "good faith effort to confer" as noted above. However, based on Plaintiff's representation that his last attempt, in October 2012, to communicate with Defendants went unanswered, the Court will reconsider its decision to deny Plaintiff's motion to compel and will review the Plaintiff's motion on the merits.

**DISCUSSION**

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

When a party fails to answer an interrogatory under Rule 33 or fails to permit inspection of documents under Rule 34, the requesting party may move the court for an order compelling discovery. Fed. R. Civ. P. 37(a)(3). For purposes of such a motion, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

ORDER- 2

Furthermore, a court must limit the frequency or extent of discovery . . . [when] the discovery sought is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  Fed. R. Civ. P. 26(b)(1)(C).

Plaintiff asks for an order compelling Defendants Baum, Suiter, Watkins, Hammond, and Rowden, to produce for inspection and copying, the following:

**Request 1**:  The State of Washington licensure to practice that is on file with the Department of Corrections.  ECF No. 83, p. 1.  Defendants respond that health care providers are licensed by the Department of Health, the Department of Corrections does not keep copies of such licenses, and Mike Watkins and Tamara Rowden are not health care providers.  ECF No. 85, Exhibit 1 (Declaration of Patricia C. Fetterly), p. 2.

By this request, Plaintiff seeks licensing material that is "on file with the Department of Corrections."  Defendants state that the information is not in the Department of Corrections' files.  No further response to this request is necessary.

**Request No. 2**:  The State of Washington certification (or) registration that is on file with the Department of Corrections.  ECF No. 83, p. 1.  Defendants responded that physicians are licensed by the Department of Health, that Health Care Managers such as Mike Watkins are not required to be licensed, and that Tamara Rowden was a grievance coordinator and not required to have any license.  ECF No. 85, Exhibit 1 (Fetterly Decl.), p. 3.

Defendants have appropriately responded to this request and no further response is required.

**Request No. 3**:  The names and addresses of all non-parties identified on the Answer of Defendant Ellen at Section VIII Nos. 4 and 8, they may have information relevant to Plaintiff's claims.  ECF No. 83, p. 1.  Defendants respond that Plaintiff seeks information relating to

ORDER- 3

Defendant Ellen's affirmative defenses and Defendant Ellen, who was represented by counsel, is no longer a party to this lawsuit. ECF No. 85, Exhibit 1 (Fetterly Decl.), p. 3. Plaintiff's claims against Defendant Ellen were dismissed with prejudice on October 12, 2012. ECF No. 66.

The Court agrees with Defendants. Within Defendant Ellen's affirmative defenses are included the defenses that Plaintiff's damages, if any, are the result of "other identified defendants or non-parties over whom this answering defendant has no control" and that in the event Plaintiff is "awarded damages against this answering defendant, damages should be apportioned among all parties and non-parties." ECF No. 38, p. 7. These defenses are specific to Michael Ellen, who is no longer a party to this lawsuit. The remaining defendants cannot be ordered to provide the information requested by Plaintiff.

**Request No. 4:** The (MAR) Medication Administration Record, for Oxycodone, and Ditropan, prescribed by Defendant Ellen, 8-9-07 thru 9-9-07." ECF No. 83, p. 1. Defendants respond that Plaintiff's institution medical records are always available for his review, at his request and that the particular record requested was provided to him. ECF No. 85, Exhibit 1 (Fetterly Decl.), p. 3.

Based on Defendants' representation that this document has already been produced to Plaintiff, the Court finds that Plaintiff's request to compel is moot.

**Fifth Request:** The "Medical Intake Sheet completed on 4-12-12, from Rockwood Clinic." ECF No. 83, p. 1. Defendants respond that they were unable to locate such a record in Plaintiff's Department of Corrections medical file, but have provided copies of the report from Rockwood Clinic for April 12, 2012. ECF No. 85, Exhibit 1 (Fetterly Decl.).

Defendants cannot be compelled to produce documents which they do not possess. No further response to this request is required.

ORDER- 4

Accordingly, it is **ORDERED**:

(1)     Plaintiff's motion for reconsideration (ECF NO. 93) is **GRANTED.**

(2)     Plaintiff's motion to compel (ECF No. 83) is **DENIED.**

(3)     The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this  14th   day of January, 2013.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER- 5