UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERMAINE D. WATKINS,<br><br>               Plaintiff,<br><br>v.<br><br>CATHERINE M. BAUM, ELIZABETH G. SUITER, MICHAEL R. ELLEN, MIKE WATKINS, STEVE HAMMOND, MUHAMMAD A. KHURSHID, TAMARA J. ROWDEN,<br><br>               Defendants. | No. C11-5494 RBL/KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND |

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 98. Plaintiff seeks to add a claim of medical malpractice as "Claim (B)" in addition to the Eighth Amendment claim stated in his amended complaint. *Id.* For the reasons stated below, the Court finds that the motion should be denied.

**DISCUSSION**

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting amendment.'" *Bonin v. Calderon*, 59 F.3d at 845, *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). A district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously

ORDER - 1

amended his pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin*, 59 F.3d at 845.

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend because the proffered amendments would be nothing more than an exercise in futility." *Bonin,* 59 F.3d at 845. In addition, it is not an abuse of discretion to deny a motion to amend "where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Id.* at 845, *citing Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

Mr. Watkins did not submit a proposed amended complaint for the Court's review. In his motion, Mr. Watkins states that he wishes to "add a claim of medical malpractice." ECF No. 98. If it is Mr. Watkins' intent to merely add a new theory of liability based on existing facts, the motion is not well taken. Mr. Watkins' original complaint was filed almost two years ago on June 28, 2011 (ECF No. 1) and his amended complaint was filed over one year ago on January 23, 2012 (ECF No. 23). The discovery deadline is May 28, 2013 and the deadline for filing dispositive motions is August 1, 2013. ECF No. 100. Mr. Watkins gives no satisfactory explanation for his failure to develop a claim for medical malpractice, either at the time he filed his original complaint or at the time he was granted leave to amend his complaint, and for this reason, his motion is denied.

Additionally, in § 1983 cases, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Thus, the malpractice claim proposed by Mr. Watkins is a state claim. In

ORDER - 2

that regard, Plaintiff is advised that Washington law applies in a medical malpractice action arising from medical care rendered in the state of Washington. *See, e.g., Hutchinson v. United States*, 838 F.2d 390 (9th Cir.1987). RCW 7.70, which governs all civil actions for injuries resulting from health care provided after June 25, 1976, identifies the elements of proof required in a medical malpractice action:

>   (1) the health care provider failed to exercise that degree of skill, care, and learning expected of a reasonably prudent health care provider in the profession or the class to which he belongs, in the state of Washington, acting in the same or similar circumstances;
>
>   (2) Such failure was the proximate cause of the injury complained of.

RCW 7.70.040.

The claimant must establish the standard of care through the testimony of the professional equals of the defendant doctor. *Young v. Key Pharmaceuticals, Inc.,* 112 Wash.2d 216, 227-230, 770 P.2d 182 (1989); *Swanson v. Brigham*, 18 Wash.App. 647, 651, 571 P.2d 217 (1977). A health care provider's conduct is to be measured against the standard of care of a reasonably prudent practitioner possessing the degree of skill, care and learning possessed by other members of the same area of specialty in the State of Washington. *Harris*, 99 Wash.2d 438, 663 P.2d 113 (construing RCW 7.70.010, et seq.).

Accordingly, it is **ORDERED** that Plaintiff's motion to amend (ECF No. 98) is **DENIED.** The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this __6th__ day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3