HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JERMAINE DEVON WATKINS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CATHERINE M BAUM,<br><br>　　　　　Defendant. | CASE NO. C11-5494RBL<br><br>ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |

THIS MATTER is before the Court on Plaintiff Watkins Motion for Relief from Judgment. [Dkt. #136] Watkins, a pro se inmate, sued in 2011, claiming that Defendant Baum was deliberately indifferent to his medical needs, thus violating his constitutional rights. This Court adopted the Magistrate Judge's Report and Recommendation and dismissed Watkins' claims on summary judgment in 2014 [Dkt. #s 118 and 124]. Watkins appealed and the Ninth Circuit affirmed the dismissal. [Dkt. #s 131 and 133]. Watkins sought review by the United States Supreme Court, and his petition for certiorari was denied in March of this year.

Watkins now asks the Court to vacate its dismissal order and allow his claims to proceed, arguing that the summary judgment was the result of fraud on the court. Specifically, Watkins claims that Baum perjured herself when she claimed (in a Declaration) that she "was certain"

ORDER DENYING MOTION FOR RELIEF FROM
JUDGMENT - 1

1 that she prepared a consult request for follow up care for Mr. Watkins, and that she would have
2 delivered it to staff that schedules outside appointments. [Dkt. #136.] Watkins now claims that
3 his public disclosure efforts have not led to a copy of the "consult request" that Baum testified
4 she prepared. Thus, he claims, the judgment was obtained by Baum's fraud.

5     Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of
6 "fraud, ... misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3).
7 To prevail, the moving party must prove by clear and convincing evidence that the verdict was
8 obtained through fraud, misrepresentation, or other misconduct and the conduct complained of
9 prevented the losing party from fully and fairly presenting the defense. *See Lafarge Conseils et*
10 *Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986); *Jones v.*
11 *Aero/Chem Corp.*, 921 F.2d 875, 878–79 (9th Cir.1990). Rule 60(b)(3) is "aimed at judgments
12 which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*,
13 809 F.2d 1403, 1405 (9th Cir. 1987).

14     Baum argues that

15 > The fact that medical staff failed to set up the appointment and the fact that the consult request itself cannot now be located, does not prove that Ms. Baum falsely testified and establish that she never wrote the consult request. It only proves that it was not processed, something which she testified was not an unusual occurrence at SCCC in this time period.

18 [Dkt. #137 at 8-9]. The Court agrees. Even if it is true that the SCCC cannot now locate the
19 2008 chart note she claimed she made some years later is not clear and convincing evidence that
20 Baum engaged in fraud on the Court, or that the judgment in her favor was not only "factually
21 incorrect," but "unfairly obtained."

1 | The Motion for Relief under Rule 60(b)(3) is DENIED. This matter is closed.

2 | IT IS SO ORDERED.

4 | Dated this 16th day of November, 2017.

*[signature: Ronald B. Leighton]*

Ronald B. Leighton
United States District Judge